UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MICHELLE PHILLIPS,** | § § § | |
| plaintiff, | § § | |
| v. | § § | Case No. 5:20-cv-00316 |
| **SHELLPOINT MORTGAGE SERVICING,** | § § § § | |
| defendant. | § | |

### DEFENDANT'S REMOVAL NOTICE

Shellpoint Mortgage Servicing removes Michelle Phillip's state court action to this court pursuant to 28 USC §§ 1332 and 1441.

### I.     STATEMENT OF THE CASE

On February 28, 2020, Ms. Phillips sued Shellpoint in the 150th judicial district of Bexar county, Texas in the case styled *Michelle Phillips v. Shellpoint Mortgage Servicing* and assigned cause number 2020-CI-04188.  (orig. pet., Ex. 1.)  Ms. Phillips sues to prevent Shellpoint from foreclosing on 6823 Cypress Mist, Converse, Texas, which was scheduled for March 3, 2020.  (org. pet. p. 3, Ex. 1.)  She asserts a common law fraud claim and seeks actual damages, pre- and post-judgment interest, court costs and injunctive relief.  (org. pet. p. 3, Ex. 1.)

### II.     BASIS FOR DIVERSITY JURISDICTION

The court may exercise diversity jurisdiction pursuant to 28 USC § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.

**A.     The parties are citizens of different states.**

Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."  *See Lincoln Prop. Co. v.*

*Roche*, 546 U.S. 81, 84 (2005). The real parties in interest are diverse. Ms. Phillips is Texas citizen because she resides in Bexar County, Texas. (orig. pet. p. 1, Ex. 1.) *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

Shellpoint is an assumed name of NewRez LLC fka New Penn Financial LLC. (assum. name cert., Ex. 12; amd. reg., Ex. 13.) NewRez LLC is a Delaware and New York citizen. NewRez LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). NewRez LLC has one member. Its sole member is Shellpoint Partners LLC, a Delaware limited liability company. Shellpoint Partners LLC has two members (**1**) NRM Acquisition LLC and (**2**) NRM Acquisition II LLC, both of which are Delaware limited liability companies. They each have just one member. New Residential Mortgage LLC, a Delaware limited liability company, is the sole member of both NRM Acquisition LLC and NRM Acquisition II LLC. New Residential Mortgage LLC has one member. Its sole member is New Residential Investment Corp., a Delaware corporation with its principal place of business in New York.

**B.      The amount in controversy exceeds $75,000.**

When a defendant removes on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition. 28 USC § 1446(c)(2). If the plaintiff does not state the amount of damages it seeks, the burden falls on the removing defendant to prove the value of the plaintiff's claims. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This requirement can be satisfied if the defendant shows "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary

judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id*. (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

"In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *see also Nationstar Mortg., LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) ("[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)).

The object of this litigation—Ms. Phillip's home—is valued at $150,245 by the Bexar Central Appraisal District. (Bexar Cty. appraisal dist. report, Ex. 11.) *See e.g.*, *Hernandez v. Residential Accredit Loans Inc., Mortg. Asset-Backed Pass-Through Certificates, Series 2007-QS3*, No. H-18-0724, 2018 WL 4033785, *3 (S.D. Tex. Aug. 23, 2018) (citing appraisal district report as evidence, held "[b]ecause plaintiffs . . . seek a declaration that the lien is void, and because the current market value of the property is $290,091,19 the amount in controversy exceeds the jurisdictional minimum of $75,000.") The amount in controversy exceeds $75,000, and the court may exercise diversity jurisdiction over this action.

### III.   PROCEDURAL REQUIREMENTS SATISFIED

Removal is timely under 28 USC § 1446(b) because it is filed within thirty days of Shellpoint's receipt of the complaint, through service or otherwise. Venue is proper in this court because the United States District Court for the Western District of Texas embraces the place in which the state court action was pending. 28 USC § 1441(a). Notice has been sent to the state

court regarding this removal. Pursuant to 28 USC § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as exhibits 1-8.

## IV.   CONCLUSION

The parties are completely diverse, and the amount in controversy exceeds $75,000. This court may exercise diversity jurisdiction over this action.

Date: March 13, 2020

Respectfully submitted,

*/s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, SBN: 24000095
michael.mckleroy@akerman.com
 --*Attorney in Charge*
C. Charles Townsend, SBN: 24028053
charles.townsend@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

Monica Summers, SBN: 24083594
monica.summers@akerman.com
AKERMAN LLP
112 East Pecan Street, Suite 2750
San Antonio, Texas 78205
Telephone: 210.582.0220
Facsimile: 210.582.0231

**ATTORNEYS FOR SHELLPOINT**

## CERTIFICATE OF SERVICE

I certify I served this document on March 13, 2020 as follows:

Ramon S. Rodriguez, Jr.
Rodriguez & Garza, P.L.L.C.
247 W. Olmos Dr., Suite 200
San Antonio, Texas 78212
**VIA EMAIL rsrjr04@hotmail.com**
**AND CERTIFIED MAIL RECEIPT**
**NO. 9414 7266 9904 2165 8797 48**

*/s/ Monica Summers*
Monica Summers